1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DAVID JEROME OLIVER, SR.,                    No.  2:13-cv-2040 CKD P

11            Plaintiff,

12        v.                                      ORDER

13   R. SCOTT OWEN, et al.,

14            Defendants.

15

16        Plaintiff is a Placer County Jail inmate proceeding with an action for violation of civil

17   rights under 42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12   Cir. 1989); Franklin, 745 F.2d at 1227.

13   In order to avoid dismissal for failure to state a claim a complaint must contain more than

14   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

18   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

21   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

22   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24   U.S. 232, 236 (1974).

25   The court finds the allegations in plaintiff's complaint so confusing and vague that the

26   complaint fails to state a claim upon which relief can be granted.  Although the Federal Rules of

27   Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

28   elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

1   649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

2   which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be

3   dismissed.  The court will, however, grant leave to file an amended complaint.

4        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

6   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

7   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

8   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

9   Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official

10  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

11  268 (9th Cir. 1982).

12       While it is not entirely clear, it appears some, if not all of plaintiff's claims imply the

13  invalidity of a criminal conviction.  Plaintiff is informed that pursuant to Heck v. Humphrey, 512

14  U.S. 477 (1994), any claim that implies the invalidity of a conviction which has not been already

15  reversed is not cognizable in a § 1983 action.  Id. at 486-87.

16       Also, the court notes that plaintiff has other actions pending in this court and actions

17  which have already been adjudicated.  In his amended complaint, plaintiff shall not include any

18  claims already pending, or any claims which have been adjudicated on the merits.

19       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26       The court notes that plaintiff has requested the appointment of counsel.  The United States

27  Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

28  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

3

1   certain exceptional circumstances, the court may request the voluntary assistance of counsel

2   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

3   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

4   does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

5   counsel will therefore be denied.

6          Accordingly, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

8          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

9   shall be collected and paid in accordance with this court's order to the Placer County Sheriff filed

10  concurrently herewith.

11         3.  Plaintiff's complaint is dismissed.

12         4.  Plaintiff is granted twenty-one days from the date of service of this order to file an

13  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

14  of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

15  number assigned this case and must be labeled "Amended Complaint"; failure to file an amended

16  complaint in accordance with this order will result in a recommendation that this action be

17  dismissed.

18         5.  Plaintiff's request for the appointment of counsel (ECF No. 6) is denied.

19  Dated:  November 21, 2013

20                                                _____

21                                                CAROLYN K. DELANEY
                                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25  1/kly
    oliv2040.14
26

27

28

                                                 4